## CIRCUIT COURT OF THE CITY OF RICHMOND

Oscar H. Belvin et al.

v.

State Highway Commissioner

July 30, 1974

Case No. 6644

By JUDGE A. CHRISTIAN COMPTON

This will summarize my comments made in open court today wherein the petition for mandamus was denied.

The petitioners' claim and the evidence showed that the dwelling which they occupy is being made uninhabitable because their septic system has no drain field. The drain field had formerly been located on property now occupied by the highway as a result of the project in question relating to Routes 3 and 14 in Gloucester County, Virginia.

For the past twelve years, the petitioners have occupied the dwelling under an oral lease with the landowner, J. O. Emerson, paying rent of $50.00 per month.

In connection with the acquisition by the Virginia Department of Highways of a portion of the property owned by the Emersons, the offer (exhibit A of the stipulation) and the agreement (exhibit C) dated January 30, 1974, between the Emersons and the defendant each recited that it was contemplated that the landowners would be compensated for the loss of the septic system here in question.

The petitioners claim that they are entitled to relocation assistance under the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1972 (Code §§ 25-235 to 25-253).

The plaintiffs do not qualify under the applicable provisions of the Act aforesaid.

In the first place, the Belvins under these facts do not fall within the definition of "displaced person" as contemplated by the provisions of Code § 25-238(c) since they have neither moved from the real property nor moved their personal property from the real property in question. Had the General Assembly intended to include within the definition of "displaced persons" entitled to compensation those individuals whose dwelling is rendered unfit to live in or those who suffer substantial economic injury because of the acquisition of real property *immediately adjacent* to that occupied by them, it could have easily so provided, but did not. *Cf.* § 25-242(a), wherein relocation advisory services, but *not* compensation, are made available to those persons suffering economic injury as the result of acquisition of adjoining property.

In the second place, even assuming that the Belvins could move from the property which they occupy tomorrow, for example, and thereby possibly meet the above requirement of the statute, nevertheless, they do not qualify as such "displaced person" within the meaning of that portion of § 25-238(c) which requires that the moving of such person be "as a *result* of the acquisition of such real property, in whole or in part." Here the evidence is clear that the property is rendered uninhabitable because of the lack of a drain field. The landowner's settlement with the Highway Department and his compensation as a result of acquisition was based, in part, upon the destruction of the septic system which had serviced the dwelling occupied by the Belvins. The unsanitary conditions now existing at the Belvin home result, therefore, directly from the failure of the landowner to provide a new drain field, which can be constructed on property owned by him with the use of a pumping station, and is not the result of the acquisition of the real property in question by the Highway Department.

The court, of course, expresses no opinion on the legal obligation, if any, under the terms of the lease agreement between the landowner and the Belvins as to the landowner's legal responsibility and duty to provide the dwelling with a workable septic system.

It is for these reasons that the prayer of the petition is denied.